The Opinion óp the Court. — The -error assigned in this case, is, “ That the judgment is several against Caldwell and bail, without Palmer, when the writ, declaration and obligation profered are joint, and nót several; neither does any legal cause appear sufficient to a several judgment on these joint proceedings.”
To this it was answered, and the record shews that the writ issued against both Palmer and Caldwell, and they , . , ® . ill - J are both declared against; but that the writ was executed on Caldwell only, being returned, as to Palmer, not found ; the steps taken on the rules, are against Caldwell and Bush, his appearance bail, atid judgment accordingly. That it would have been error to have taken steps and a judgment against Palmer, as the writ was not served on him.
It seems to the court, that if the plaintiff in the court below had entered a discontinuance against Palmer, the proceedings would have been legal and regular ; if so, it is conceived that the omission to take any steps against Palmer, is virtually a discontinuance as to him, and will Operate in law ip the same manner as if a discontinuance had been entered, This legal inference was questioned, on the authority of that clause of the act which declares that when two or more persons are bound jointly in any bond, and the persons so bound shall reside in different counties, it shall be lawful for the clerk of the court where the suit is brought against one of the obligors, on the request of the plaintiff, to issue a capias against the other obligor, directed to the sheriff of the county where he may reside (a). This is a legal pri-yilege given to the plaintiff which he may elect to use or hot, because it can only be done at his request. But it is not perceived how the proceedings complained of are more injurious to the plaintiffs than if the judgment had been joint; because in that case it would have been in the election of the plaintiff in the court below to have issued his execution to the county in which either Caldwell or Palmer resided ; and if he had issued it to the pounty in which Caldwell resides, the whole debt might legally have been levied off his estate. If Caldwell yras only Palmer’s security or co-obligor, this judgment would, have been sufficieht to recover a judgment against *70 him, either for the whole sum, or for his proportion j and if Palmer was then solvent, and has since become insolvent, the delay may be attributed to the plaintiffs in, error ; because if the judgment had been satisfied by Caldwell, he might have pursued the proper remedy against Palmer immediately. — —Judgment affirmed.

(a) Afls of 17^6-7, p.29, § 10, i Brad, 2 34-